RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

2005 MAR 17 P 2: 4

ROBERT HARRIS, and          )
SUSIE HARRIS,               )
                            )
        Plaintiffs,         )
                            )
v.                          )    CIVIL ACTION NO. 3:05CV 254-C
                            )
OCWEN FEDERAL BANK FSB,     )
                            )
        Defendant.          )

## NOTICE OF REMOVAL

COMES NOW Defendant Ocwen Federal Bank FSB ("Ocwen") and respectfully notifies

the Court pursuant to 28 U.S.C. § 1441 that it has this day removed this action from the Circuit

Court of the State of Alabama for Russell County to this Court. In support of its removal,

Ocwen submits this notice. Removal is based on the grounds that diversity jurisdiction exists

over this action because there is complete diversity among the parties and the amount in

controversy exceeds $75,000. Removal is also based on the grounds that federal question

jurisdiction exists over the action because it involves claims that are completely preempted by

federal law and claims that necessitate the resolution of substantial, disputed questions of federal

law.

### BACKGROUND

1.      This action was originally filed in the Circuit Court of the State of Alabama for

Russell County on February 9, 2005. A copy of the complaint and all other documents served on

defendants in the state court are attached hereto collectively Exhibit 1.

2.      Ocwen was served on March 1, 2005. This removal is therefore timely because it has been filed within 30 days of service as required by 28 U.S.C. § 1446(b).

3.      Plaintiffs' complaint alleges a variety of claims relating to the propriety and disclosure of fees, penalties and finance charges assessed and collected by defendants in originating, servicing and pursuing foreclosure proceedings on plaintiff's mortgage. (*See, e.g.*, Compl. ¶¶ 8-29.) This action is removable to federal court pursuant to 28 U.S.C. § 1441 because it could have been filed originally in this Court pursuant to the diversity jurisdiction conferred by 28 U.S.C. § 1332, and to the federal question jurisdiction conferred by 28 U.S.C. § 1331. Supplemental jurisdiction exists with respect to any remaining claims, pursuant to 28 U.S.C. § 1367.

### DIVERSITY JURISDICTION

4.      Federal diversity jurisdiction exists over this removed action pursuant to 28 U.S.C. § 1332 because there is diversity among all relevant parties and the amount in controversy exceeds $75,000.

### THERE IS COMPLETE DIVERSITY AMONG ALL PARTIES

5.      There is diversity of citizenship among all parties. Plaintiffs Robert Harris and Susie Harris are citizens of Alabama. (*See* Compl. ¶ 1.)

6.      Ocwen is a federally charted thrift incorporated under the laws of the United States. (*See* Declaration of Chomie Neil (attached at Exh. 2).) Ocwen's mortgage servicing centers are located in Florida. (*See id.*) Customer payments are received by Ocwen in Florida. (*See id.*) At least 99 percent of Ocwen's employees, including its entire executive management, are located in Florida. (*See id.*) Ocwen has no physical premises or employees in Alabama.

(*See id.*)  Ocwen is thus a citizen of Florida.  *See Loyola Fed. Savings Bank v. Fickling*, 58 F.3d 603, 606 (11th Cir. 1995).

      7.      Plaintiffs have also named Fictitious Defendants A, B, and C.  For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. 1441(a).

      8.      Therefore, there is complete diversity between plaintiffs and defendant in this matter.  *See* 28 U.S.C. § 1332(a)(1).

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

      9.      Plaintiffs' complaint also meets the $75,000 amount-in-controversy requirement for diversity jurisdiction.  *See* 28 U.S.C. § 1332(a).

      10.      Plaintiffs in their complaint assert at least eight intentional tort claims against defendant, including claims for fraud, suppression, wantonness, intentional infliction of emotional distress, conversion, defamation and conspiracy.  They contend, among other things, that defendant wrongfully instituted foreclosure proceedings against them; required them to pay excessive fees relating to the foreclosure proceedings in order to stop the foreclosure process; force-placed insurance coverage on their home when they already possessed insurance; collected money from them which was not owing; harassed them concerning payment of sums they did not owe; and made defamatory statements about their credit or financial condition.  Plaintiffs have purported to limit these damages to $74,999.99.

      11.      Plaintiffs' purported limitation of damages to an amount one penny less than the jurisdictional minimum should be disregarded.  *See, e.g., McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 485-86 (S.D. W.Va. 2001) (holding that named plaintiff's attempt to limit his and other putative class member's damages was invalid); *Poore v. American-Amicable Life Ins. Co.*, 125 F.

Supp. 2d 1378, 1385 (S.D. Ga. 2000) (explaining that courts should interpret federal diversity to avoid forum manipulation because "[e]ven if such a waiver and limitation [of plaintiff's damages to less than $75,000] were effective, the reality of the situation is that plaintiffs will likely seek to amend their complaint and seek greater amounts of damages after the one year removal window has closed"). By expressly attempting to limit recovery at this juncture for purposes of avoiding removal to federal court, plaintiffs tacitly acknowledge that the nature of their claims, if well-founded in fact and law, could support a request for relief in excess of $75,000.

12.    Where, as here, plaintiffs assert claims as to which they do not specify a precise amount of requested monetary relief, diversity jurisdiction exists where the removing defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). That determination can be made in either of two ways: (1) by demonstrating that it is "facially apparent" that claims are likely above $75,000; or (2) by setting forth the facts in controversy—either in the removal papers or by affidavit—that support a finding of the requisite amount. *Id.* The determination of whether jurisdiction is "facially apparent" is "left in part to the court's intuition and common sense." *HWJ, Inc. v. Burlington Ins. Co.*, 926 F. Supp. 593, 595 (E.D. Tex. 1996). Where jurisdiction is not "facially apparent," the removing defendant may use "summary judgment-type" evidence to establish that the amount in controversy exceeds $75,000. *Best Buy Co.*, 269 F.3d at 1319. Jury verdicts in similar cases constitute competent evidence that the jurisdictional amount requirement has been met. *See, e.g., Glaze v. M.R.A. Holding, LLC*, 2003 U.S. Dist. LEXIS 25572 (M.D. Fla. July 11, 2003) (denying remand in part based on showing that jury verdicts in similar cases had resulted in awards above the jurisdictional threshold); *Ansley v.*

4

*Metropolitan Life. Ins. Co.*, 215 F.R.D. 575, 578 n.4 (D. Ariz. 2003) (to same effect); *Amos v. Citifinancial, Inc.*, 243 F. Supp. 2d 587, 590 (N.D. Miss. 2003) (to same effect).

13.     Plaintiffs seek to recover various fees and payments they claim were improper. Such damages aside, it is facially apparent that the damages claimed also exceed the necessary $75,000 amount based on plaintiffs' claims for punitive damages.  Plaintiffs seek punitive damages in all twelve counts of the complaint.  (See Compl. ¶¶ 33, 39, 45, 47, 50, 54, 57, 60, 65, 68, 71, 75.)  Plaintiffs claim, among other things, that they were injured because of defendant's misrepresentation and failure to disclose finance charges, fees and penalties. (Compl. ¶ 31.)  Jury verdicts in Alabama for misrepresentation and concealment of finance charges relating to loans have resulted in punitive damages awards far exceeding the jurisdictional minimum. *See, e.g.*, *Massey v. Ford Consumer Finance Co.*, Case No. CV 94-44, Bullock County Circuit Court (verdict for $7,506,000 delivered June 1995).[1]  Jury verdicts in similar cases are competent evidence of the amount in controversy for purposes of assessing subject matter jurisdiction. *See, e.g., Harding v. United States Figure Skating Ass'n*, 851 F. Supp. 1476, 1480 (D. Or. 1994) ("court may look to . . . awards in similar cases to place a value on the amount in controversy"); *Kennard v. Harris Corp.*, 728 F. Supp. 453 (E.D. Mich. 1989) (to same effect); *Richman v. Zimmer, Inc.*, 644 F. Supp. 540 (S.D. Fla. 1986) (to same effect).  Plaintiffs' complaint thus places more than the minimum amount in controversy for jurisdictional purposes.

14.     Plaintiffs also claim that defendant inflicted emotional distress on plaintiffs "by threatening to foreclose on Plaintiffs' property." (Compl. ¶ 59.)  Jury verdicts in Alabama for

---

[1]     For other representative Alabama state court fraud verdicts (which plaintiff alleges in this case) *see, e.g.*, *Fenn v. Liberty Nat'l Life Ins. Co.*, CV 93-49 (Barbour Co. Cir. Ct., Aug. 3, 1994) (alleged misrepresentation of cash value and future interest rate on insurance policy; punitive damage verdict of $2.5 million); *Gallant v. Prudential Ins. Co.*, CV 93-50 (Barbour Co. Cir. Ct.) (alleged misrepresentation that insurance agent misled policyholders concerning coverage during sales presentations; approximately $600 in actual damages; $25 million in punitive damages awarded); *Union Mortgage Co. v. Barlow*, 595 So. 2d 1335 (Ala. 1992) (Lowndes Co. Cir. Ct.) (fraud claimed in connection with a home improvement mortgage loan made by defendant through its agent, the contractor; compensatory damages of $150,000 and $6.001 million in punitive damages affirmed).

emotional distress relating to threats of foreclosure and failure to disclose hidden finance charges have resulted in verdicts far exceeding the jurisdictional minimum. *See, e.g., Barlow v. Union Mortgage Co.*, Case No. CV 89 22, Lowndes County Circuit Court, Alabama (verdict for $6,153,000 delivered March 1991). The amount in controversy requirement is also fulfilled based on plaintiffs' claims for emotional distress.

15.    The amount-in-controversy requirement is also satisfied because plaintiffs claim a contractual entitlement to attorney's fees. (Compl. Count Five.)  Attorney's fees are a separate category of relief that is taken into account when assessing whether the amount in controversy threshold is satisfied. *See Federated Mut. Ins. Co. v. McKinnon Motors*, 329 F.3d 805, 808 (11th Cir. 2003).  Given the breadth of plaintiffs' allegations and the likelihood of significant motion practice (including motions to dismiss, summary judgment motions, and others) it is virtually certain that plaintiffs' attorney's fees alone will exceed $75,000. [2]

## FEDERAL QUESTION JURISDICTION

16.    Federal question jurisdiction exists over this removed action pursuant to 28 U.S.C. § 1331 because plaintiffs assert claims that are completely preempted by federal law; and claims the resolution of which will necessitate adjudication of substantial, disputed questions of federal law.

## THE COMPLAINT ASSERTS CLAIMS THAT ARE COMPLETELY PREEMPTED BY FEDERAL LAW

---

[2]    In a similar case against Ocwen filed and prosecuted by the same plaintiff's counsel, after the case had been pending for several years, counsel amended the complaint to assert nationwide class allegations, thus significantly expanding the scope of the case and the amount at issue.  Counsel also submitted an attorney's fee petition relating to discovery in the case that totaled more than $200,000.  *Dowdle v. Ocwen, et al.*, CV 99-082 (Cir. Ct. Fayette Co., Ala.).  The history of the Dowdle case raises the real prospect that the scope of this litigation may later be expanded; combined with the fact that a plaintiff is not bound by the ad damnum in the complaint under Ala.R.Civ.P. 54, it may be fairly questioned whether plaintiff here will ultimately confine herself to the damage limitation proffered in this case.

17.    Federal question jurisdiction also exists over actions against federally chartered financial institutions (like Ocwen) "when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003). Under the doctrine of complete preemption, the federal statute "provides the exclusive cause of action for the claim asserted and also set[s] forth procedures and remedies governing that cause of action." *Id.* at 9.

18.    Plaintiffs' complaint alleges that the defendant imposed "excessive . . . finance charges." (*See, e.g.*, Compl. ¶ 28.) Plaintiffs' state-law claims alleging excessive finance charges are completely preempted. The Home Owner's Loan Act ("HOLA"), 12 U.S.C. §§ 1461 *et seq.*, expressly preempts state laws that limit the amount of finance charges that may be assessed by federal thrifts, such as Ocwen. *Id.* § 1463(g)(1). HOLA also provides an exclusive federal remedy for borrowers who believe a federal thrift has assessed excessive finance charges, whereby "the person who paid it may recover, in a civil action," certain monetary and other relief. *Id.* § 1463(g)(2).

19.    State law claims against federally chartered financial institutions premised on allegations of excessive finance and other charges are completely preempted and removable to federal court. *See Beneficial Nat'l Bank,* 539 U.S. at 11; *see also Taylor v. Wells Fargo Home Mortg., Inc.*, 2004 U.S. Dist. LEXIS 6910, at *10 (E.D. La. April 19, 2004) (upholding removal by operating subsidiary of national bank because plaintiffs' "state law claim that the 'Defendants' arbitrarily assessed 'excessive fees and charges', including late charges, to the [plaintiffs] when they redeemed their loan is preempted by federal law"); *Phipps v. Guar. Nat'l Bank of Tallahassee*, 2003 U.S. Dist. LEXIS 16984, at *13-14 (W.D. Mo. Sept. 17, 2003)

(approving removal of plaintiffs' claims for unlawful "loan origination fees and loan discount fees" on complete preemption grounds).

20.     Plaintiffs purport to avoid complete preemption by disclaiming "any claim deemed to be 'completely preempted' by federal law." (*See* Compl. ¶ 28.)  Such a disclaimer cannot circumscribe the effects of complete preemption.  Because plaintiffs have pled state law claims that are completely preempted by federal law, their state law claims *are* federal claims as a matter of law.  As the Eleventh Circuit has recently explained, when a state law claim is completely preempted by federal law, "[that] state-law claim is *transformed* into a claim 'arising under' federal law." *Dunlap v. G & L Holding Group, Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004) (emphasis added); *see also Beneficial*, 539 U.S. at 8 ("[A] claim which comes within the scope of [a completely preempted] cause of action, even if pleaded in terms of state law, is in reality based on federal law.").

21.     In addition, complete preemption creates subject matter jurisdiction because plaintiffs do not disclaim a right to recovery under any of the claims expressly asserted in their complaint; instead, they merely disclaim a right to recovery *on any such claims as may be found completely preempted during the litigation.*  If anything, the nature of this purported disclaimer only underscores that federal claims will be litigated in this case.  Under plaintiffs' approach, they will pursue claims alleging that Ocwen imposed excessive finance charges and fees on them.  Ocwen, in turn, will argue that those claims are completely preempted by federal banking laws and regulations.  If Ocwen is successful – but only if Ocwen is successful – then plaintiffs will take the position that any preempted claim is waived.  But the need to litigate the issue of preemption in the first instance, before any waiver becomes effective, demonstrates that

plaintiffs' assert claims that "arise under" federal law, thus satisfying jurisdictional requirements regardless of the ultimate disposition of those claims.

## STATE LAW CLAIMS ASSERTED IN THE COMPLAINT NECESSARILY REQUIRE RESOLUTION OF SUBSTANTIAL FEDERAL QUESTIONS

22.     Even where a particular claim does not arise directly under federal law and is not completely preempted, it is removable to federal court if it depends on resolution of substantial predicate questions of federal law. *See Ayres v. GMC*, 234 F.3d 514, 518 (11th Cir. 2000) (upholding removal because construction of federal statute was "an essential element of the Plaintiffs' cause of action" and "resolution … depend[ed] entirely on interpretation" of federal statute"). Plaintiffs' claims depend on the determination of plaintiffs' rights and defendants' duties, if any, under federal law. These claims will necessarily "turn[] on some construction of federal law," and are thus deemed to "arise under federal law" for purposes of federal question jurisdiction. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983).

23.     Plaintiffs allege that "Defendants failed to disclose … excessive fees, finance charges, and/or penalties in connection with Plaintiffs' note and mortgage." (Compl. ¶ 28.) Plaintiffs have identified this cause of action as "Fraudulent Suppression Arising Under Alabama State Law." (*See* Compl. Count One). While plaintiffs do not allege that their right to relief for the alleged conduct is created by federal law, the duty of creditors to disclose credit terms, specifically including "finance charges" and "penalties," is created by TILA. *See* 15 U.S.C. § 1638. Under Alabama law there is no duty to make disclosures concerning a consumer credit transaction other than those required under federal law. Ala. Code § 5-19-6. Plaintiffs' state-law right to recover damages for alleged nondisclosure of finance charges, fees, and penalties thus depends on the existence, scope, and breach of defendants' duty, if any, under TILA. *See*

9

*also, e.g., Alison v. Household Finance Corp. of Alabama*, No. 04-0254, slip op. at 4-5 (S.D. Ala. Aug. 2, 2004) (attached at Exh. 3).

24.    Plaintiffs alleged that defendant "harass[ed] Plaintiffs by telephone and mail regarding the status of Plaintiff's loan and fees and charges which were being applied to Plaintiff's account improperly." (Compl. ¶ 60.)

25.    The duty not to undertake "any conduct the natural consequence of which is to harass, oppress, or abuse," including "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number," is created by the federal Fair Debt Collection Practices Act ("FDCPA"). *See* 15 U.S.C. § 1692e(4).  Plaintiffs' claim that this duty was breached thus depends on the existence, scope, and breach of defendant's duty, if any, under the FDCPA.

26.    In these and other respects, the claims asserted in plaintiffs' complaint necessitate the resolution of substantial, disputed questions of federal law sufficient to confer subject-matter jurisdiction on this Court.

## VENUE

27.    Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the Circuit Court of the State of Alabama for Russell County, the forum in which the removed action was pending.

## NOTICE

28.    Concurrently with the filing of this Notice, Ocwen shall caused to be filed a copy of this Notice of Removal with the Clerk of the Russell County Circuit Court. (*See* Exh. 4.)

29.    The contents of Exhibit 1 constitute the entire file of the action in the Russell

County Circuit Court.

Dated:  March 17, 2005

Respectfully submitted,

Benjamin M. Moncrief (MON059)
bmoncrief@bradleyarant.com
One of the Attorneys for Defendant
Ocwen Federal Bank, FSB

OF COUNSEL
John E. Goodman (GOO017)
jgoodman@bradleyarant.com
**Bradley Arant Rose & White LLP**
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

11

CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of March, 2005, I have caused a copy of the foregoing to be served upon:

> R. Cooper Shattuck
> Jane L. Calamusa
> Rosen, Cook, Sledge, Davis, Shattuck & Oldshue, P.A.
> 2117 Jack Warner Parkway
> Post Office Box 2727
> Tuscaloosa, Alabama  35403

via U.S. Mail.

_____
OF COUNSEL

AVS309

ALABAMA JUDICIAL DATA CENTER
RUSSELL        COUNTY

TRANSMITTAL

CV 2005 000040.00
ALBERT L. JOHNSON

```
|------------------------------------------------------------------------|
|                                                                        |
|            IN THE CIRCUIT  COURT OF RUSSELL        COUNTY              |
|                                                                        |
|     ROBERT HARRIS  ET AL  VS  OCWEN FEDERAL BANK FSB                   |
|                                                                        |
|                                                                        |
|                                                                        |
|  TO: MONCRIEF BENJAMIN MICHAEL                ATTORNEY FOR    :         |
|      1819 5TH AVE NORTH                                                 |
|                                                                        |
|     BIRMINGHAM   AL   35203                                            |
|                                                                        |
|                                                                        |
|                                                                        |
|                                                                        |
|                                                                        |
|------------------------------------------------------------------------|
|                                                                        |
|                                                                        |
|     COST FOR COPY OF FILE & POSTAGE IS $4.85.  PLEASE MAKE CHECK PAYABLE|
|     TO: CLERK OF CIRCUIT COURT, P.O. BOX 518, PHENIX CITY, AL 36868 0518.|
|                                                                        |
|                                                                        |
|                                                                        |
|                                                                        |
|                                                                        |
|                                                                        |
|                                                                        |
|                                                                        |
|                                                                        |
|         NOTICE DATE: 02/17/2005      CLERK:KATHY COULTER               |
|                                            PO BOX 518                   |
|                                            PHENIX CITY  AL   36868-0510 |
|                                            (334)298-0516               |
|                                                                        |
|------------------------------------------------------------------------|
```

OPERATOR: ANL
PREPARED: 02/17/2005

EXHIBIT
1

```
AVSO300                    ALABAMA JUDICIAL DATA CENTER
                               RUSSELL        COUNTY

                                  SUMMONS

                                              CV 2005 000040.00
                                              ALBERT L. JOHNSON
|-------------------------------------------------------------------------|
|                                                                         |
|           IN THE CIRCUIT  COURT OF  RUSSELL     COUNTY                   |
|                                                                         |
| ROBERT HARRIS  ET AL  VS  OCWEN FEDERAL BANK FSB                        |
|                                                                         |
|       SERVE ON: (D001)                                                  |
|                                                                         |
|                                     PLAINTIFF`S ATTORNEY                 |
|                                                                         |
|    OCWEN FEDERAL BANK FSB           CALAMUSA JANE M L                    |
|    % CORPORATION SERVICE COM        ROSEN COOK AND SLEDGE                |
|    2711 CENTERVILLE RD 400          PO BOX 2727                          |
|    WILMINGTON     ,DE  19808-0000   TUSCALOOSA     ,AL  35403-0000       |
|-------------------------------------------------------------------------|
| TO THE ABOVE NAMED DEFENDANT:                                           |
|                                                                         |
|  THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST |
| TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS, YOU OR YOUR ATTORNEY ARE   |
| REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER      |
| ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFFS  |
| ATTORNEY(S) SHOWN ABOVE OR ATTACHED:                                    |
|                                                                         |
|  THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS |
| AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGEMENT BY DEFAULT MAY BE     |
| ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.|
| YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE COURT BELOW.     |
|                                                                         |
|-------------------------------------------------------------------------|
|                                                                         |
| ( )  TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY EITHER RULES 4.1(B)(2) OR |
|      4.2(B)(2) OR 4.4(B)(2) OF THE ALABAMA RULES OF CIVIL PROCEDURE:     |
|      YOU ARE HEREBY COMMANDED TO SERVE THIS SUMMONS AND A COPY OF THE    |
|      COMPLAINT IN THIS ACTION UPON DEFENDANT.                            |
|                                                                         |
|      THIS SERVICE BY CERTIFIED MAIL OF THIS SUMMONS IS INITIATED UPON THE |
|      WRITTEN REQUEST OF _____ PURSUANT TO RULE 4.1(C)        |
|      OF THE ALABAMA RULES OF CIVIL PROCEDURE.                            |
|                                                                         |
| DATE: 02/09/2005                    CLERK:KATHY COULTER      BY:         |
|                                          PO BOX 518                      |
|                                          PHENIX CITY  AL  36868-0510     |
|                                          (334)298-0516                   |
|-------------------------------------------------------------------------|
|                                                                         |
|    RETURN ON SERVICE:                                                   |
|                                                                         |
| ( )  CERTIFIED MAIL RETURN RECEIPT IN THIS OFFICE ON (DATE) _____  |
|      (RETURN RECEIPT HERETO ATTACHED)                                   |
|                                                                         |
| ( )  I CERTIFY THAT I PERSONALLY DELIVERED A COPY OF THE SUMMONS AND     |
|                                                                         |
|      COMPLAINT TO _____  |
|                                                                         |
|      IN _____ COUNTY, ALABAMA ON (DATE) _____   |
|                                                                         |
|      _____        _____   |
|      DATE                                     SERVER SIGNATURE          |
|                                                                         |
|      _____        _____   |
|      SERVER ADDRESS                           TYPE OF PROCESS SERVER    |
|                                                                         |
| --------------------------------------------------------------------    |
OPERATOR: ANL
PREPARED: 02/09/2005
```

## IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | |
|---|---|
| ROBERT HARRIS and<br>SUSIE HARRIS,<br><br>      PLAINTIFFS,<br><br>VS.<br><br>OCWEN FEDERAL BANK, FSB;<br>Fictitious Defendants A, B, C,...<br>those individuals, partnerships,<br>corporations, limited liability companies,<br>or other legal entities who are or have<br>been mortgage brokers, holders or<br>servicers of the notes and mortgages<br>executed by the Plaintiffs or who have<br>otherwise attempted to collect the fees,<br>finance charges, and other penalties<br>from Plaintiffs,<br><br>      DEFENDANTS. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§     CIVIL ACTION NO. CV-2005- _40_ |

FILED IN OFFICE
2005 FEB -9  AM 11: 35
CIRCUIT / DIST. COURT
RUSSELL CO.: ALB

## COMPLAINT

    1.    Plaintiffs Susie and Robert Harris ("Plaintiffs") are individuals over the age of 19 and residents of Russell County, Alabama.

    2.    Defendant Ocwen Federal Bank, FSB ("Ocwen") is a corporation doing business in Russell County, Alabama.

    3.    Fictitious Defendants A, B, C, . . . are those individuals, partnerships, corporations, limited liability companies, or other legal entities who are or have been mortgage brokers, holders or servicers of the notes and mortgages executed by the Plaintiffs or who have otherwise attempted to collect the fees, finance charges, and other penalties as more fully discussed below.

4.    Named and Fictitious Defendants are hereafter known collectively as "Defendants".

# FACTS

5.    Plaintiffs executed a Note and Mortgage on Plaintiffs' property located in Russell County, Alabama.

6.    The Note and Mortgage were serviced and/or held by one or more Defendants.

7.    The servicing rights to this loan were transferred to one or more Defendants.

8.    Defendants improperly charged Plaintiffs late fees when Plaintiffs sent mortgage payments to the prior loan servicer.

9.    Defendants continued to charge Plaintiffs late fees for these payments and other payments that were timely received.

10.    Defendants misapplied payments received from Plaintiffs and otherwise miscalculated the amount owed by Plaintiffs.

11.    Defendants improperly held payments received from Plaintiffs until said payments were past due.

12.    Defendants improperly returned payments made by Plaintiffs, causing Plaintiffs' payments to be past due.

13.    Defendants improperly charged Plaintiffs unidentified fees and penalties.

14.    Defendants improperly charged Plaintiffs certain fees, finance charges, and penalties relating to foreclosure proceedings.

15.     As a result of being improperly charged certain fees and penalties, Defendants' misapplication of funds, and Defendants' miscalculation of amounts owed, Plaintiffs were forced to enter into one or more forbearance agreements.

16.     Defendants charged excessive fees relating to these forbearance agreements.

17.     Defendants charged excessive fees relating to notices of default.

18.     Defendants improperly began foreclosure proceedings on Plaintiffs' home as a result of Plaintiffs' inability to pay the excessive fees and penalties charged by Defendants.

19.     Defendants charged excessive fees relating to these foreclosure proceedings in order to halt the foreclosure process and to allow Plaintiffs to keep Plaintiffs' home.

20.     Defendants force-placed insurance on Plaintiffs' home when Plaintiffs already had appropriate coverage on the home and offered proof of same.

21.     Defendants improperly reported the status and amount of Plaintiffs' loan to various credit reporting agencies.

22.     Defendants attempted to collect and did collect money from Plaintiffs which was not due.

23.     Defendants provided inconsistent payoff amounts to Plaintiffs, or otherwise refused to provide payoff amounts upon request.

24.     Defendants failed to disclose to Plaintiffs that Plaintiffs would be charged any and/or all of these fees, finance charges, and/or penalties, prior to the closing of Plaintiffs' loan which they had a duty to disclose.

25.     Plaintiffs disclaim any cause of action arising under the Constitution, treaties, or other laws of the United States, including but not limited to any claim arising from an act or omission on a federal enclave or by any officer of the United States or any agent or person acting

on behalf of such individual, or any claim deemed to be "completely preempted" by federal law. No claim under admiralty or maritime law is alleged. To the extent paragraph conflicts with any other allegations herein, this paragraph controls.

26.    Plaintiff does not seek, nor will Plaintiff accept damages in excess of $74,999, exclusive of interest and costs. This limitation on damages includes attorney's fees. To the extent this paragraph conflicts with any other allegations herein, this paragraph controls.

**COUNT ONE**

**FRAUDULENT SUPPRESSION ARISING UNDER ALABAMA STATE LAW**

27.    The allegations of paragraphs 1 through 26 are incorporated herein as though set forth again in full.

28.    Defendants failed to disclose to Plaintiffs that Plaintiffs would be charged improper or otherwise excessive fees, finance charges, and/or penalties in connection with Plaintiffs' note and mortgage.

29.    Defendants had a duty to disclose that Plaintiffs would be charged these fees, finance charges, and/or penalties.

30.    As a result of Defendants' failure to disclose this information, Plaintiffs were damaged.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT TWO

**FRAUDULENT MISREPRESENTATION ARISING UNDER ALABAMA STATE LAW**

31.     The allegations of paragraphs 1 through 30 are incorporated herein as though set forth again in full.

32.     Defendants intentionally, recklessly, wantonly, maliciously and/or negligently misrepresented the fees, finance charges, and penalties which were, were to be, or could be assessed and collected from Plaintiffs.

33.     Said representations were made with the intent that Plaintiffs rely upon them.

34.     Plaintiffs relied on said representations.

35.     Defendants benefited from Plaintiffs' reliance.

36.     As a result of said conduct, Plaintiffs were damaged.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT THREE

**FRAUDULENT MISREPRESENTATION ARISING UNDER ALABAMA STATE LAW**

37.     The allegations of paragraphs 1 through 36 are incorporated herein as though set forth again in full.

38.     Defendants intentionally, recklessly, wantonly, maliciously and/or negligently misrepresented that they would promptly apply payments received to Plaintiffs' account.

39.     Said representations were made with the intent that Plaintiffs rely upon them.

40.     Plaintiffs relied on said representations.

41.     Defendants benefited from Plaintiffs' reliance.

42.     As a result of said conduct, Plaintiff was damaged.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT FOUR

### FRAUDULENT SUPPRESSION ARISING UNDER ALABAMA STATE LAW

43.     The allegations of paragraphs 1 through 42 are incorporated herein as though set forth again in full.

44.     Defendants intentionally, recklessly, wantonly, maliciously and/or negligently suppressed the correct amount due from Plaintiffs pursuant to the terms of Plaintiffs' note and mortgage.

45.     As a result of not being made aware of such suppressed material facts, Plaintiffs entered into the loan transaction with Defendants and/or delayed refinancing those contracts.

46.     Defendants benefited from Plaintiffs' reliance.

47.     As a result of said conduct, Plaintiffs were damaged.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT FIVE

## BREACH OF CONTRACT UNDER ALABAMA STATE LAW

48.    The allegations of paragraphs 1 through 47 are incorporated herein as though set forth again in full.

49.    A contract existed between Plaintiffs and Defendants.

50.    Defendants breached their agreement with Plaintiffs.

51.    As a result of said breach, Plaintiffs were damaged.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, attorney's fees, and such other and further relief as this Court may deem just and proper.

## COUNT SIX

## NEGLIGENCE UNDER ALABAMA STATE LAW

52.    The allegations of paragraphs 1 through 51 are incorporated herein as though set forth again in full.

53.    Defendants were negligent in the handling of Plaintiffs' loan.

54.    As a result of said negligence, Plaintiffs were damaged.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT SEVEN

### WANTONNESS UNDER ALABAMA STATE LAW

55.    The allegations of paragraphs 1 through 54 are incorporated herein as though set forth again in full.

56.    Defendants were wanton in the handling of Plaintiffs' loan.

57.    As a result of said wantonness, Plaintiffs were damaged.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT EIGHT

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER ALABAMA STATE LAW

58.    The allegations of paragraphs 1 through 57 are incorporated herein as though set forth again in full.

59.    Defendants intentionally inflicted emotional distress upon Plaintiffs by threatening to foreclose on Plaintiffs' property for failure to pay fees and charges which Defendants had no right to collect and thus had no right to foreclose, and otherwise made representations of foreclosure when they had no right to affect Plaintiffs' ownership in the property.

60.    Defendants intentionally inflicted emotional distress upon Plaintiffs by harassing Plaintiffs by telephone and mail regarding the status of Plaintiffs' loan and fees and charges which were being applied to Plaintiffs' account improperly.

61.     Such conduct was outrageous and in contravention of good conduct and good faith and should thus be deemed repugnant by our society.

62.     As a result of said conduct by Defendants, Plaintiffs were damaged.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT NINE

### CONVERSION UNDER ALABAMA STATE LAW

63.     The allegations of paragraphs 1 through 62 are incorporated herein as though set forth again in full.

64.     The Defendants have converted to their own use the monies as paid by Plaintiffs, said monies being the property of Plaintiffs.

65.     As a result of said conduct by Defendants, Plaintiffs were damaged.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT TEN

### MONEY PAID BY MISTAKE UNDER ALABAMA STATE LAW

66.     The allegations of paragraphs 1 through 65 are incorporated herein as though set forth again in full.

67.    The Defendants owe Plaintiffs for money paid by Plaintiffs to the Defendants by mistake.

68.    As a result of said payments, Plaintiffs have been damaged.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT ELEVEN

### DEFAMATION UNDER ALABAMA STATE LAW

69.    The allegations of paragraphs 1 through 68 are incorporated herein as though set forth again in full.

70.    Defendants intentionally, recklessly, wantonly, maliciously and/or negligently caused negative and untruthful information regarding Plaintiffs' credit or financial condition to be published to third parties.

71.    This information was false and defamatory.

72.    As a result, Plaintiffs were unable to refinance or were otherwise damaged.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT TWELVE

### CIVIL CONSPIRACY UNDER ALABAMA STATE LAW

73.    The allegations of paragraphs 1 through 72 are incorporated herein as though set forth again in full.

74.    Defendants conspired with each other to commit the wrongs alleged herein.

75.    As a result of said conduct by Defendants, Plaintiffs were damaged.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

R. Cooper Shattuck (SHA030)
Jane L. Calamusa (CAL056)
Attorneys for Plaintiffs

OF COUNSEL:

ROSEN, COOK, SLEDGE, DAVIS,
   SHATTUCK & OLDSHUE, P.A.
2117 Jack Warner Parkway (35401)
Post Office Box 2727
Tuscaloosa, Alabama  35403
Telephone:  (205) 344-5000
Facsimile:  (205) 758-8358

### PLAINTIFFS DEMAND TRIAL BY STRUCK JURY

R. Cooper Shattuck (SHA030)
Jane L. Calamusa (CAL056)
Attorneys for Plaintiff

- 11 -

OF COUNSEL:

ROSEN, COOK, SLEDGE, DAVIS,
CADE & SHATTUCK, P.A.
2117 Jack Warner Parkway (35401)
Post Office Box 2727
Tuscaloosa, Alabama 35403
Telephone: (205) 344-5000
Facsimile: (205) 758-8358


**Plaintiffs' Address:**
1709 - 8th Street
South Phenix City, Alabama 36869


**Defendant's Address:**

Ocwen Federal Bank, FSB
c/o Registered Agent Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, Delaware 19808

## IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | | |
|---|---|---|
| ROBERT HARRIS and<br>SUSIE HARRIS, | § | |
| | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. CV-2005-_____ |
| | § | |
| OCWEN FEDERAL BANK, FSB; | § | |
| Fictitious Defendants A, B, C,... | § | |
| those individuals, partnerships, | § | |
| corporations, limited liability companies, | § | |
| or other legal entities who are or have | § | |
| been mortgage brokers, holders or | § | |
| servicers of the notes and mortgages | § | |
| executed by the Plaintiffs or who have | § | |
| otherwise attempted to collect the fees, | § | |
| finance charges, and other penalties | § | |
| from Plaintiffs, | § | |
| | § | |
| DEFENDANTS. | § | |

## SUMMONS

This service by certified mail of this Summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure:

NOTICE TO:

**Ocwen Federal Bank, FSB**
**c/o Registered Agent Corporation Service Company**
**2711 Centerville Road, Suite 400**
**Wilmington, Delaware 19808**

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint to JANE L. CALAMUSA, ROSEN, COOK, SLEDGE, DAVIS, SHATTUCK & OLDSHUE, P.A., 2117 JACK WARNER PARKWAY, POST OFFICE BOX 2727, TUSCALOOSA, ALABAMA 35403.

This answer must be mailed or delivered within thirty (30) days after this Summons and Complaint were delivered to you or a judgment of default may be entered against you for the money or other

things demanded in the Complaint.  You must also file the original of your answer with the Clerk of this Court.

This the _____ day of _____, 2005.


_____ [_____]
                          Clerk                                  Deputy Clerk
                                                                     Initials


RETURN OF SERVICE:

[ ]       Certified Mail return receipt received in this office on the _____ day of
          _____, 2005.  (Return receipt hereto attached).

| State of Alabama<br>Unified Judicial System<br><br>Form ARCivP-93   Rev. 5/99 | **COVER SHEET**<br>CIRCUIT COURT - CIVIL CASE<br>(Not For Domestic Relations Cases) | Case Number<br>C V 2 0 0 5 [ ] 4 0 [ ] . [ ]<br>Date of Filing:    Judge Code:<br>0 2  0 9  2 0 0 5   3 6 H 0 7 2<br>Month  Day  Year |
|---|---|---|

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF _____ RUSSELL COUNTY _____, ALABAMA
*(Name of County)*

ROBERT HARRIS and SUSIE HARRIS _____ v. OCWEN FEDERAL BANK, FSB
Plaintiff                                                                Defendant

First Plaintiff  ☐ Business  ☒ Individual      First Defendant  ☒ Business  ☐ Individual
                 ☐ Government ☐ Other                            ☐ Government ☐ Other

**NATURE OF SUIT:**  Select primary cause of action, by checking box *(check only one)* that best characterizes your action:

| TORTS: PERSONAL INJURY | OTHER CIVIL FILINGS (cont'd) |
|---|---|
| ☐ WDEA - Wrongful Death | ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ |
| ☐ TONG - Negligence: General | Enforcement of Agency Subpoena/Petition to Preserve |
| ☐ TOMV - Negligence: Motor Vehicle | ☐ CVRT - Civil Rights |
| ☐ TOWA - Wantonness | ☐ COND - Condemnation/Eminent Domain/Right-of-Way |
| ☐ TOPL - Product Liability/AEMLD | ☐ CTMP - Contempt of Court |
| ☐ TOMM - Malpractice-Medical | ☒ CONT - Contract/Ejectment/Writ of Seizure |
| ☐ TOLM - Malpractice-Legal | ☐ TOCN - Conversion |
| ☐ TOOM - Malpractice-Other | ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction |
| ☐ TBFM - Fraud/Bad Faith/Misrepresentation | Election Contest/Quiet Title/Sale For Division |
| ☐ TOXX - Other: _____ | ☐ CVUD - Eviction Appeal/Unlawful Detainer |
| | ☐ FORJ - Foreign Judgment |
| **TORTS: PROPERTY INJURY** | ☐ FORF - Fruits of Crime Forfeiture |
| ☐ TOPE - Personal Property | ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition |
| ☐ TORE - Real Property | ☐ PFAB - Protection From Abuse |
| | ☐ FELA - Railroad/Seaman (FELA) |
| **OTHER CIVIL FILINGS** | ☐ RPRO - Real Property |
| ☐ ABAN - Abandoned Automobile | ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship |
| ☐ ACCT - Account & Nonmortgage | ☐ COMP - Workers' Compensation |
| ☐ APAA - Administrative Agency Appeal | ☐ CVXX - Miscellaneous Circuit Civil Case |
| ☐ ADPA - Administrative Procedure Act | |
| ☐ ANPS - Adults in Need of Protective Services | |

*(stamp, faint:)* 2005 FEB -9 AM 11:38  CIRCUIT COURT  RUSSELL CO., ALA  FILED IN OFFICE

**ORIGIN** *(check one):*   F ☒ INITIAL FILING      A ☐ APPEAL FROM DISTRICT COURT      O ☐ OTHER: _____

                           R ☐ REMANDED           T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

HAS JURY TRIAL BEEN DEMANDED?    ☒ YES   ☐ NO      Note:  Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

RELIEF REQUESTED:    ☒ MONETARY AWARD REQUESTED    ☐ NO MONETARY AWARD REQUESTED

ATTORNEY CODE:        February 8, 2005              _Jane L. Calamusa_
C A L 0 5 6            Date              Signature of Attorney/Party filing this form   Jane L. Calamusa

MEDIATION REQUESTED:    ☐ YES   ☒ NO   ☐ UNDECIDED



GORDON ROSEN
J. SYDNEY COOK, III
JAMES J. SLEDGE
RONALD L. DAVIS
R. COOPER SHATTUCK
PAIGE M. CARPENTER
*JERRY C. OLDSHUE, JR.
**JEFFREY C. SMITH

**Rosen ◆ Cook ◆ Sledge
Davis ◆ Shattuck ◆ Oldshue, P.A.**

ATTORNEYS AT LAW

†◆W. BRADFORD ROANE, JR.
FOSTER C. ARNOLD
††JANE L. CALAMUSA
MARY BETH WEAR CAVERT
WILLIAM A. JONES
††MATTHEW Q. TOMPKINS
††LAURA J. CRISSEY
ADRIAN M. ROWLEY
◆STUART D. ALBEA
CHAD L. HOBBS
WILLIAM POOLE, III

OF COUNSEL:
D. WAYNE CHILDRESS

*Board Certified - Creditors' Rights
Law - American Board of Certification

**Board Certified - Trial Advocacy - National
Board of Trial Advocacy

Writer's Email Address
jcalamusa@rcslaw.com

February 8, 2005

†Also admitted in Florida
††Also admitted in Mississippi
◆Also admitted in Georgia

Kathy Coulter, Circuit Clerk
Russell County Courthouse
Post Office Box 518
Phenix City, Alabama  36868-0518

Re:    Robert Harris and Susie Harris v. Ocwen Federal Bank, FSB, et al.
       Circuit Court of Russell County, Alabama

Dear Ms. Coulter:

Enclosed please find an original summons, an original complaint and a service copy including initial discovery to be filed and served on the defendant in the above-referenced matter along with our firm check in the amount of $489.00 for the filing fee.  I have also included all materials necessary to serve this summons by certified mail.  Please stamp my copy of the Summons "filed" and return it to me in the pre-addressed, stamped envelope I have provided.

Thank you for your assistance in this matter.  If you have any questions, please feel free to call.

Sincerely yours,

Jane L. Calamusa

JLC/fh
Enclosures

P:\FRANCES\Shattuck\Ocwen plaintiffs\Harris, Robert\clerk let.doc

FILED IN OFFICE
2005 FEB -9 AM 11:35
CIRCUIT/DIST. COURT
RUSSELL CO., AL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

ROBERT HARRIS, and          )
SUSIE HARRIS,               )
                            )
    Plaintiffs,         )
                            )       CIVIL ACTION NO. 3: 05CV254-C
v.                          )
                            )
OCWEN FEDERAL BANK FSB,      )
                            )
    Defendant.          )

## DECLARATION OF CHOMIE NEIL

    I, Chomie Neil, do hereby declare under penalty of perjury that the following is true and correct:

    1.    I am currently employed by Ocwen Federal Bank FSB ("Ocwen Federal Bank") as research specialist. I have held this position since 1999. I have reviewed the complaint in the above-entitled action. In connection with my employment at Ocwen Federal Bank, I have personal knowledge of the facts forth in this declaration.

    2.    Ocwen Federal Bank is a federally chartered savings association formed under the laws of the United States.

    3.    Ocwen Federal Bank's administrative offices are located in the State of Florida. The only other state in which Ocwen Federal Bank has a physical location is New Jersey.

    4.    Ocwen Federal Bank's mortgage servicing centers are located in Florida.

    5.    Customer mortgage payments are processed by Ocwen Federal Bank in Florida.

    6.    At least 99 percent of Ocwen Federal Bank's employees are located in Florida.

    7.    Ocwen Federal Bank's executive officers are located in Florida.



EXHIBIT

2

8.    Ocwen Federal Bank has no physical premises or employees in the state of Alabama.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 17, 2005

_____
CHOMIE NEIL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

CHARLES and SONYA ALISON            )
                                    )
    Plaintiffs,                     )
                                    )
v.                                  )     CIVIL ACTION NO. 04-0254-CG-L
                                    )
HOUSEHOLD FINANCE                   )
CORPORATION OF ALABAMA              )
                                    )
    Defendant.                      )

## ORDER

This matter is before the court on plaintiffs' motion to remand (Doc. 5), defendant's response

thereto (Doc. 8), and plaintiffs' motion for leave to amend the complaint (Doc. 10). The court finds

that plaintiffs' right to relief under state law requires resolution of a substantial question of federal law.

Therefore, the court finds that federal question jurisdiction exists in this case and that plaintiffs' motion

to remand is due to be DENIED. The court also finds that plaintiffs' motion to amend is due to be

GRANTED.

## BACKGROUND

This case arises from a mortgage loan obtained by the Alisons from Household Finance

Corporation of Alabama ("Household"). Plaintiffs entered into a mortgage agreement for a second

mortgage on their home with the principal amount of $35,000. Plaintiffs allege that Household led them

to believe that they would be entering a traditional, closed-end mortgage agreement and that plaintiffs

would make regular monthly payments for a term of fifteen years and that the loan would be paid off in

1



**EXHIBIT**

**3**

full at the end of the term.  However, plaintiffs allege that the loan was actually structured a "reverse

amortization" whereby the amount of the loan payments required were not sufficient to pay off the

principal and accrued interest on the loan over the term of the loan unless a significant balloon payment

was made at the end of the term.  Plaintiffs allege they did not receive any pre-closing disclosure of

terms or a good faith estimate of the costs of the financing.  Plaintiffs state that Household did not

disclose the amount of the balloon payment required, the applicable interest rate over the entire course

of the loan, the total finance charge, the annual percentage rate, or the total amount of payments

required over the course of the loan.  Plaintiffs made their required payments for 24 months, paying a

total of over $12,000 in payments, yet the pay-off balance as of December 2002 was $41,325.76.

Plaintiffs complaint seeks compensatory and punitive damages for fraudulent suppression.  Subsequent

to removal, plaintiffs have moved to amend their complaint to add a federal claim.

## ANALYSIS

### A. Plaintiffs' Motion to Remand

Federal courts are courts of limited jurisdiction; therefore, remand statutes are construed

narrowly and jurisdictional uncertainties are resolved in favor of remand.  Burns v. Windsor Ins. Co.,

31 F.3d 1092, 1095 (11th Cir. 1994).  On a motion to remand, the removing party bears the burden of

demonstrating federal jurisdiction.  Pacheco de Perez v. AT &T Co., 139 F.3d 1368, 1373 (11th Cir.

1998).  The removing party's burden is heavy.  Burns, supra.  Plaintiffs have moved to remand based

on the allegation that this court does not have federal question jurisdiction over this case because no

federal claims are stated in the complaint.   The court notes that plaintiffs have now sought leave to

amend the complaint to add a federal claim.  However, when determining whether a case was properly

2

removed to federal court, a district court may not consider amendments made after removal.   Subject

matter jurisdiction must be determined at the time of removal. Fuller v. Exxon Corp., 78 F.Supp.2d

1289, 1295 (S.D. Ala. 1999) (citing St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283

(1938)).  Thus, the court must first determine whether it has jurisdiction over the original complaint

before the court can address plaintiffs' motion to amend.

      The jurisdiction conferred by Article II, Section 2 of the Constitution is codified in part in Title

28, Section 1331 of the United States Code.  "The district courts shall have original jurisdiction of all

civil action arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

And yet, this simple jurisdictional statement "masks a welter of issues regarding the interrelation of

federal and state authority and the proper management of the federal judicial system." Franchise Tax

Board v. Constr.Laborers Vacation Trust, 463 U.S. 1, 8 (1983).

      It is a well-settled rule that the plaintiff is the master of his or her complaint.  See, e.g., Franklin

v. QHG of Gadsden, Inc., 127 F.3d 1024, 1028 (11th Cir. 1997); U.S. v. Jones, 125 F.3d 1418,

1428 (11th Cir. 1997); and Ariail Drug Co., Inc. v. Recomm Int. Display Inc., 122 F.3d 930, 934

(11th Cir 1997).  Notwithstanding the plaintiff's right to choose his forum, some actions filed in state

court may be removed to federal court on the basis of federal question jurisdiction.  As the Supreme

Court has noted:

> Only state-court actions that originally could have been filed in federal court
> may be removed to federal court by the defendant. Absent diversity of citizenship,
> federal-question jurisdiction is required. The presence or absence of federal-question
> jurisdiction is governed by the "well-pleaded complaint rule," which provides that
> federal jurisdiction exists only when a federal question is presented on the face of
> plaintiff's properly pleaded complaint.  See Gully v. First Nat'l Bank, 299 U.S. 109,
> 112-113, 57 S.Ct. 96, 97-98, 81 L.Ed. 70 (1936). The rule makes the plaintiff the

master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on
state law.

Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) (emphasis added).

The Supreme Court has stated that a cause of action arises under federal law in one of three
ways. The most common circumstance is where federal law "creates that cause of action." Franchise
Tax Board, supra, 463 U.S. at 8-9, quoting Justice Holmes in American Well Works Co. v. Layne &
Bowler Co., 241 U.S. 257, 260 (1916). Plaintiffs' fraudulent suppression claim, though dependent
upon federal statutes, was clearly not created by federal statutes and therefore this rule does not apply
to the facts of the instant case.

A cause of action may also arise where plaintiff's "right to relief under state law requires
resolution of a substantial question of federal law." Id. at 13. It is clear that plaintiffs' cause of action
requires resolution of a substantial question of federal law, namely whether defendants' conduct
amounted to a violation of the Truth-in-Lending Act, 15 U.S.C. §§ 1601 et seq. (TILA). Plaintiffs
could not prevail on this claim without proving a violation of this federal statute, and therefore, the court
finds that plaintiffs' right to relief under the alleged state-law cause of action requires resolution of a
substantial question of federal law. The court finds that it would have had original jurisdiction over this
claim had it been filed in federal court, and that therefore removal was proper.

The court notes the recent decision of Hill v. BellSouth Telecomms., Inc., 364 F.3d 1308 (11th
Cir. 2004) wherein the Court held that a substantial question of federal law was involved because the
plaintiff's state law claims merely implicated a federal judicial doctrine, stating "[w]e conclude that
federal question jurisdiction should have attached to Hill's two remaining state-law causes of action

4

08/03/2004  07:52   25145···974              JOHNSTON DRUH···  LLP                    PAGE  08/14

because they implicated the filed rate doctrine." Hill v. BellSouth Telecomms., Inc., 364 F.3d 1308,

1315 (11th Cir. 2004).  In the instant case, a substantial question of federal law is clearly involved

under existing Eleventh Circuit precedent because plaintiffs' claim is dependent on whether the proper

disclosures were given under TILA.   In light of the foregoing, the court need not reach the question of

whether TILA completely preempts the state cause of action, the third instance in which a case can

arise under federal law.  Franchise Tax Board, supra, 463 U.S. at 24.

**B. Motion to Amend the Complaint**

Having determined that plaintiffs' motion to remand is due to be denied, the court now

addresses plaintiffs' motion to amend.  The court notes that plaintiffs' motion to amend was timely filed

and leave to amend under Rule 15(a) is freely given.  In addition, defendant has not objected to the

amendment.  Therefore, the court finds that plaintiffs' motion for leave to amend is due to be

GRANTED.

**CONCLUSION**

After due consideration of all matters presented, and in light of the foregoing, plaintiffs' motion

to remand (Doc. 5) is **DENIED**.

It is **FURTHER ORDERED** that plaintiffs' motion for leave to amend complaint (Doc. 10) is

hereby **GRANTED**.

**DONE** and **ORDERED** this 2nd day of August, 2004.

_/s/ Callie V. S. Granade_____

CHIEF UNITED STATES DISTRICT JUDGE

5

## IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

ROBERT HARRIS, and      )
SUSIE HARRIS,      )
     )
       Plaintiffs,      )
     )
v.      )      CIVIL ACTION NO. 05-40
     )
OCWEN FEDERAL BANK FSB,      )
     )
       Defendant.      )

### NOTICE FILING NOTICE OF REMOVAL

Notice is hereby given that the above-styled action has been removed to the United States

District Court for the Middle District of Alabama, Eastern Division. A copy of the said Notice

of Removal to that court is appended hereto.

Dated: March 17, 2005

Respectfully submitted,

Benjamin M. Moncrief (MON059)
bmoncrief@bradleyarant.com
One of the Attorneys for Defendant
Ocwen Federal Bank, FSB

OF COUNSEL
John E. Goodman
Brian M. Blythe
**Bradley Arant Rose & White LLP**
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800



EXHIBIT
4

CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of March, 2005, I have caused a copy of the foregoing to be served upon:

R. Cooper Shattuck
Jane L. Calamusa
Rosen, Cook, Sledge, Davis, Shattuck & Oldshue, P.A.
2117 Jack Warner Parkway
Post Office Box 2727
Tuscaloosa, Alabama 35403

via U.S. Mail.

OF COUNSEL

2