**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALBAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT HARRIS and SUSIE HARRIS,** | § § § | |
| **PLAINTIFFS,** | § § | |
| **VS.** | § § | **CIVIL ACTION NO. 3:05CV254-C** |
| **OCWEN FEDERAL BANK, FSB,** | § § | |
| **DEFENDANT.** | § | |

**PLAINTIFFS' OBJECTION TO DEFENDANT OCWEN FEDERAL BANK FSB'S
MOTION TO STAY PROCEEDINGS PENDING DECISION FROM JUDICIAL
PANEL ON MULTIDISTRICT LITIGATION**

COME NOW, the Plaintiffs, Robert and Susie Harris ("Plaintiffs"), and respectfully object to

Defendant Ocwen Federal Bank FSB's ("Ocwen's") Motion to Stay Proceedings Pending Decision

from Judicial Panel on Multidistrict Litigation and would show unto the Court the following in

support hereof:

1. Jurisdiction is a "first and fundamental" question for the Court to address. Steel Co. v.

Citizens for a Better Env't, 523 U.S. 83, 94 (1998).

Until a final transfer order is entered, this Court retains jurisdiction over this matter, and can

and should remand this case. J.P.M.L. Rule 1.5.

2. Ocwen improperly removed this case from state court, even though federal

jurisdiction plainly does not exist, in hopes of having it ultimately transferred to the United States

District Court for the Northern District of Illinois where it would be consolidated with a large,

federal class action.  Said consolidation would prejudice the Plaintiffs in that their individual state

law claims would effectively be dismissed and they would be forced to pursue federal claims they have elected not to litigate.

3.    Eleven similar cases filed by Plaintiffs' counsel and removed by Ocwen have been remanded without the issuance of a stay.  <u>Remand has not been denied in any case.</u>  Thus, no inconsistencies have arisen in these decisions.

4.    Eleven additional cases filed by Plaintiffs' counsel and removed by Ocwen  in September and October of 2004 were transferred to the Illinois court and it is anticipated that it will not be until late June or July that the Court addresses the motions to remand in each of those cases. Assuming a similar time frame would exist if this case were ultimately transferred, the Plaintiffs would be prejudiced by such a long delay.

### FACTS RELEVANT TO PLAINTIFFS' OBJECTION

a.    The instant action was filed in the Circuit Court of the State of Alabama for Russell County on February 9, 2005.

b.    Ocwen filed a Notice of Removal on March 17, 2005.

c.    Ocwen filed a request with the Judicial Panel on Multidistrict Litigation on March 18, 2005, seeking consolidation of the instant action into <u>In re Ocwen Federal Bank FSB Mortgage Servicing Litigation</u>, Docket No. 1604.  (Exhibit "B" to Ocwen's Motion to Stay).

d.    The Plaintiffs filed in this Court on March 29, 2005 a Motion to Remand the instant action to the Circuit Court of Russel County, Alabama, on grounds that this Court lacks jurisdiction over the present controversy.  (Motion to Remand).

e.    Ocwen filed the instant motion to stay the proceedings of this Court on April 4, 2005. (Motion to Stay).

# ARGUMENT

**I.     THE EXISTENCE OF JURISDICTION IS A FIRST AND FUNDAMENTAL QUESTION THAT SHOULD BE ADDRESSED BY THIS COURT AND OCWEN'S MOTION TO STAY PROCEEDINGS SHOULD THEREFORE BE DENIED.**

Jurisdiction is a "***first and fundamental question*** . . . [which] the court is bound to ask and answer for itself." <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 94 (1998) (citations omitted) (emphasis added). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" <u>Steel Co.</u>, 523 U.S. 94-95 (alterations in original) (citations omitted). Consequently, "[w]ithout jurisdiction ***the court cannot proceed at all in any cause***." <u>Id.</u> at 94 (emphasis added). Further, 28 U.S.C. § 1447(c) expressly mandates that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

In <u>Farkas v. Bridgestone/Firestone, Inc.</u>, the District Court for the Western District of Kentucky considered a matter similar to the instant issue. 113 F.Supp.2d. 1107 (W.D.Ky. 2000). In <u>Farkas</u>, the defendant removed the case to federal court and the plaintiff filed a motion to remand arguing that the federal court lacked subject matter jurisdiction. <u>Id.</u> at 1109-10. The defendant argued "that the Court should retain jurisdiction so that the case [could] be assigned to the Panel on Multi-District Litigation." <u>Id.</u> at 1114-5.

Relying on the guidance established by the United States Supreme Court in <u>Steel Co.</u>, the Court acknowledged that "the MDL Panel could resolve some common legal problems including those concerning jurisdiction …" <u>Id.</u> at 1115. "However, this facially sensible view runs counter to the important principle that ***a court must have the power to decide an issue before passing judgment on the reasonableness of any particular solution***." <u>Id.</u> (citing 28 U.S.C. § 1447(c) (2000) (mandating remand by a district court if it appears that the court lacks subject matter jurisdiction))

(emphasis added).  "*[T]he issue of subject matter jurisdiction is even more fundamental than considerations of efficiency or fairness from the [defendant's] perspective*." Id. (emphasis added). Consequently, "*the jurisdictional issue must be resolved before deciding whether to stay or transfer the case to the MDL panel*." Id. at 1115 (emphasis added).

The MDL Panel only has jurisdiction over cases in which a federal court would have jurisdiction.  The fact that there exists a pending action in federal court against one of the Defendants in this case does not create jurisdiction for the federal courts over this matter.  This case does not belong in federal court.  Thus, this Court should address this fundamental issue before considering any other action.

Ocwen supports its argument for a stay by stating that "[c]ourts have routinely granted similar requests".  (Brief in Support of Motion to Stay, p.10).  This statement, however, is misleading.  The cases cited by Ocwen deal with a number of different issues, not all of them jurisdictional.  In the present case, however, the only pending matter is a jurisdictional question. This is a question that this Court is free to, and should, decide.

In addition, Ocwen states that it has "made the same request of various courts and those courts have generally granted the stay under precisely the same circumstances presented here." (Brief in Support of Motion to Stay, p.2).  In support of this statement, Ocwen attached as Exhibit D orders staying certain actions.  With the exception of the Glover, Hannah, Long, and Carruthers cases, however, the plaintiffs consented to a stay.  The Plaintiffs in the present action do not consent to a stay of this action.  Further, the majority of similarly situated courts have not stayed these actions, and eleven have already remanded the cases to state court.

## II.    PLAINTIFFS WOULD BE GREATLY PREJUDICED BY A STAY OF THIS ACTION.

As noted in Ocwen's motion to stay, the MDL Panel has transferred eleven similar cases filed by the undersigned to the United States District Court for the Northern District of Illinois. These cases were all removed by Ocwen to federal court between September 27 and October 4, 2004. The MDL Panel entered a final transfer order on February 16, 2005. The transferred plaintiffs immediately renewed their motions to remand because they had not been ruled on by the Alabama courts from whence they were transferred. A hearing was scheduled for April 15, 2005. The Court informed the undersigned counsel for the transferred plaintiffs this week, however, that the hearing would be postponed because it wished to enter a briefing schedule before hearing arguments and contemplated allowing Ocwen 28 days to respond to the motions to remand (which had already been fully briefed before the Alabama federal courts) and allowing the transfer plaintiffs an additional 28 days to reply to Ocwen's response. Thus, the earliest hearing date is anticipated to be in late June or July. This will be at least 9 months after these cases were improperly removed to federal court. Meanwhile discovery and pretrial proceedings have commenced in the eleven cases where the Alabama federal courts granted the plaintiffs' motions to remand.

In sum, the parties in these transferred cases fully briefed the remand issues in front of various Alabama federal courts. They were subsequently transferred to the Northern District of Illinois where they will be required to re-brief these issues (using Seventh Circuit law). Counsel will be required to travel to Chicago to argue these issues. These duplicative actions could have been avoided if the original Alabama federal courts had ruled on the motions to remand before them (which many did, as discussed in the Plaintiffs' Motion to Remand).

In addition, the standing order for the Illinois court states that all transferred cases become part of the purported federal class action complaint. This complaint does not adequately address the

transferred plaintiffs' claims, effectively resulting in a dismissal of these claims and forcing the transferred plaintiffs to litigate issues they have chosen not to address (i.e., federal issues).

A similar fate can be expected for this case if the Court decides to grant Ocwen's motion to stay or otherwise refrain from ruling on the Plaintiffs' remand motion. Thus, a stay will not promote judicial economy (another court will have to address these issues again) and will prejudice the Plaintiffs in that it will be that much longer before they will be able to proceed to the substance of their claims against Ocwen and others. See Board of Trustees of the Teachers' Retirement System of the State of Illinois v. WorldCom, Inc., 244 F.Supp.2d 900, 902-06 (N.D.Ill. 2002) (staying proceedings and decision on remand where detailed analysis of bankruptcy removal laws were at issue, but stating that "**[w]hen the merits of a remand motion are easy, a decision requires little judicial time and a stay would merely postpone the inevitable**") (emphasis added).

Plaintiffs fail to see how Ocwen would be prejudiced by this Court ruling on the Plaintiffs' Motion to Remand. If the court denies the Plaintiffs' motion, then Ocwen is in no different position than it is presently. If the court grants the Plaintiffs' motion, then the case will be sent back to state court where Plaintiffs assert it would ultimately return after a transfer to the Illinois court once that court hears the Plaintiffs' remand arguments.

### III.   OCWEN'S REMOVAL OF THIS CASE WAS IMPROPER.

Ocwen's removal of this case was clearly improper and done solely for the purpose of attempting to quickly consolidate this case with a large federal class action in an attempt to avoid a proper state forum. The Plaintiffs in this case clearly limited their damages to below the jurisdictional amount and clearly disclaimed any federal cause of action. Ocwen should not be awarded for its improper removal by receiving the requested stay on this matter.

## IV.    CONCLUSION

Ocwen has provided no legitimate reason or case law stating why this Court should not rule on the motion to remand presently before it.  Remand is a jurisdictional question which can be decided easily by this Court.  The Plaintiffs will be prejudiced by a delay in this case in that it would be that much longer before they can receive relief from the Defendants' wrongful actions.  It is in the interest of judicial economy to have the jurisdictional question addressed now, before the parties (including the remaining defendants) are forced to re-address their positions to a federal MDL Panel which ultimately does not have jurisdiction over the present controversy.  For these reasons, Ocwen's motion to stay should be denied.

WHEREFORE, Plaintiffs respectfully request this Court to deny Ocwen's motion to stay and for such other and further relief as this Court may deem just and proper.

> **s/ Jane L. Calamusa**
> Jane L. Calamusa (CALAJ5640)
> R. Cooper Shattuck (SHATR5109)
> Counsel For Plaintiffs
> ROSEN, COOK, SLEDGE, DAVIS,
> SHATTUCK & OLDSHUE, P.A.
> 2117 Jack Warner Parkway (35401)
> Post Office Box 2727
> Tuscaloosa, Alabama  35403
> Telephone:  (205) 344-5000
> Facsimile:  (205) 758-8358

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: John E. Goodman and Benjamin M. Moncrief.

> **s/ Jane L. Calamusa**
> Jane L. Calamusa (CALAJ5640)